## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

**IN RE: TERRY S. OSBORN**             **CASE NUMBER: 21-12297-JDW**

### CERTIFICATE OF SERVICE

I, Sarah A. Baker, do hereby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following parties to be served electronically via ECF:

Office of the U.S. Trustee - USTPRegions05.AB.ECF@usdoj.gov
Case Trustee: Locke D. Barkley - sbeasley@barkley13.com

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan to the following creditor(s) listed in Section 3.2 and/or 3.4 of the Plan pursuant to Fed.R. Bank P. 7004:

Mississippi Department of Revenue
Officer/CEO/Registered Agent:   MS Attorney General
                                 550 High Street, Suite 1200
                                 Jackson, MS 39205

Dick and Charlie Sanders:    Dick and Charlie Sanders
                             100 Clarice Dr.
                             Holly Springs, MS 38635

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by U.S. mail, postage paid, to all other parties listed on the attached master mailing list (matrix).

Dated: December 20, 2021

By: /s/ Sarah A. Baker
C. Gaines Baker (8643)
Sarah A. Baker (105797)
Jessica Jenkins Aldison (105864)

*Of Counsel:*

C. Gaines Baker & Associates, LLC
136 Public Square, Ste. #1
Batesville, MS 38606
(662) 563-9385

Debtor: TERRY S. OSBORN

United States Bankruptcy Court for the Northern District of Mississippi

Case Number: 21-12297-JDW

☐ Check if this is an amended notice.

## Notice of Filing Chapter 13 Plan Motion for Valuation and Lien Avoidance

The above-named Debtor(s) has filed a *Chapter 13 Plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above-referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at 703 Hwy 145 North, Aberdeen, MS 39730 on or before January 25, 2022. Copies of the objection must be served on the Trustee, US Trustee, Debtor(s) and Attorney for Debtor(s).

Objection to confirmation will be heard and confirmation determined on February 22, 2021 at 1:30 PM, Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

*/s/ Sarah A. Baker*
SARAH A. BAKER

Dated: December 20, 2021

C. Gaines Baker & Associates, LLC
136 Public Square
C.G. Baker Building, Suite One
Batesville, MS 38606
(662)563-9385   MBN 105797
sarah@cgbakerlaw.com

# United States Bankruptcy Court
## FOR THE
Northern Dist Of MS Aberdeen Division

| | | |
|---|---|---|
| Debtor 1: TERRY S. OSBORN | Last 4 digits of Social Security number or ITIN: | XXX-XX-6784 |
| | EIN: | |
| Debtor 2: | Last 4 digits of Social Security number or ITIN: | |
| | EIN: | |
| Case Number: 21-12297-JDW | Date Case Filed or Converted to Chapter 13: | December 02, 2021 |

Form 309I (12/15)

## NOTICE OF CHAPTER 13 BANKRUPTCY CASE

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in this case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly indentify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in this case. Do not include more that the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: | |
|---|---|---|---|---|
| 1: | Debtor's full name | TERRY S. OSBORN | | |
| 2: | All other names used in the last 8 years | | | |
| 3: | Address | 1448 SANDERS ROAD<br>SARDIS, MS 38666 | If debtor 2 lives at a different address: | |
| 4: | Debtor's attorney<br>Name and Address | C GAINES BAKER<br>136 PUBLIC SQUARE, STE 1<br>BATESVILLE, MS 38606-0000 | Contact phone<br>Email | (662) 563-9385 |
| 5: | Bankruptcy trustee<br>Name and Address | Locke D. Barkley<br>6360 I-55 North<br>Suite 140<br>Jackson, MS 39211-2038 | Contact phone<br>Email | (601) 355-6661<br>www.barkley13.com |
| 6: | Bankruptcy Clerk's office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online a www.pacer.gov. | US Bankruptcy Courthouse<br>703 Hwy 145 North<br>Aberdeen, MS 39730 | Hours open<br>Contact phone | |

Form 309I    Page 1                                                                                                                 For more information, see page 2

| 7: Meeting of creditors | | Location: | Telephonic Conference |
|---|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. | January 11, 2022  at  09:20 AM<br>Date                Time | | Phone Number: 866-763-4201<br>Participate Passcode: 1354730# |
| Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | | |

| 8: Deadlines | | | |
|---|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | Deadline to file a complaint to challenge dischargeability of certain debts:<br>You must file:<br>■ a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br>■ a complaint if you want to have a paticular debt excepted from discharge under U.S.C. § 523(a)(2) or (4). | Filing deadline: | March 14, 2022 |
| | Deadline for all creditors to file a proof of claim (except governmental units): | Filing deadline: | February 10, 2022 |
| | Deadline for governmental units to file a proof of claim: | Filing deadline: | May 31, 2022 |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid for your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.<br>Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | |
| | Deadline to object to exemptions:<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: | 30 days after the conclusion of the meeting of creditors |

| 9: Filing of plan | Miss. Bankr. L.R. 3015-1(d) requires the debtor to serve a copy of the plan and related notice on the Trustee, the US Trustee, and all creditors. The plan may contain a motion for valuation of security and/or a motion to avoid lien. Any objection to the plan or to any motion contained therein shall be in writing and filed with the Clerk of Court on or before January 25, 2022. Objections will be heard on February 22, 2022 at 01:30 PM, Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655 unless otherwise ordered by the court.<br>the plan may be confirmed without a hearing.<br>[X] The debtor has filed a plan. The plan or a summary of the plan will be sent separately. |
|---|---|
| 10: Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 11: Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan will be sent to you later and the court will send you a notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| 12: Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| 13: Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you beleive that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exenptions in line 8. |

**Fill in this information to identify your case:**

Debtor 1: TERRY OSBORN
Full Name (First, Middle, Last)

Debtor 2:
(Spouse, if filing)   Full Name (First, Middle, Last)

United States Bankruptcy Court for the: Northern   District of Mississippi

Case number
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance.   12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __36__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make regular payments to the trustee as follows:**

Debtor shall pay $ __237.50__ (☐monthly, ☐semi-monthly, ☑weekly, or ☐bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> Total Transportation of MS
> 8120 W. Sandridge Road
> Olive Branch, MS 38654

Joint Debtor shall pay $ _____ (☐monthly, ☐semi-monthly, ☐weekly, or ☐bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply.*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

### Part 3:  Treatment of Secured Claims

**3.1 Mortgages.** (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.)

*Check all that apply.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.1(a)   ☐ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1st  Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No

1st  Mtg arrears to _____ Through _____ $ _____

3.1(b) ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property 1 address: _____

Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No

Property 1: Mtg arrears to _____ Through _____ $ _____

3.1(c) ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: _____ Approx. amt. due: _____ Int. Rate*: _____

Property Address: _____

Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)

Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____ /month, beginning _____
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Dick and Charlie Sanders | $15,346.10 | 3.5 acres | $10,000.00 | $10,000.00 | 5.25% |
| MDOR | $2,308.88 | equity in all assets | $5,000.00 | $2,308.88 | see 8.1 |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
|  |  |  |  |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

For vehicles identified in § 3.2: The current mileage is _____

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:
(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| America's Car Mart (Colonial Auto Finance) | 2011 Chrysler 300 | $11,172.32 | 5.25% |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

*Insert additional claims as needed.*

### 3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Red River Employee FCU | 2005 Cadillac Escalade (not running) |
| Chase Automotive | 2008 Lexus IS 250 (totaled) |
| Professional Credit Analysts of MN | speakers (not working) |
| Professional Credit Analysts of MN | AMP |
| Professional Credit Analysts of MN | drums |

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

☑ No look fee: $ 3,600.00 _____.

    Total attorney fee charged:    $ 3,600.00 _____.

    Attorney fee previously paid:    $ 617.00 _____.

    Attorney fee to be paid in plan
    per confirmation order:    $ 2,983.00 _____.

☐ Hourly fee: $ _____. (Subject to approval of Fee Application.)

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*

☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ Internal Revenue Service    $ 3,885.14 _____.

☐ Mississippi Dept. of Revenue $ _____.

☐ Other _____
    $ _____.

### 4.5 Domestic support obligations.

☑ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO: _____

POST PETITION OBLIGATION: In the amount of $ _____ per month beginning _____

To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the total amount of $ _____ through _____ which shall be paid in full over the plan term, unless stated otherwise: _____

To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ 4,830.00 _____.

☐ _____ % of the total amount of these claims, an estimated payment of $ _____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 4,830.00 _____.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2 Other separately classified nonpriority unsecured claims (special claimants). *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| | | | |

### Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed Items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| | | $ | $ | |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | |

*Insert additional claims as needed.*

### Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

> 1. Absent an objection, any Proof of Claim filed by the Internal Revenue Service and/or MDOR (priority/secured) shall be paid in full at any applicable statutory rate of interest.
> 2. If applicable, upon the filing of an Official Form 410S2 Notice of Postpetition Mortgage Fees, Expenses, and Charges, and absent any objection being filed within 60 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining plan term and adjust the plan payment accordingly. This does not constitute a waiver of the right to object to the Notice within one year pursuant to Rule 3002.1(e) of the Federal Rules of Bankruptcy Procedure.
> 3. If applicable, all ad valorem taxes, past/present/future, if not paid by the mortgage company, shall be paid direct to the taxing authority by the Debtor and not paid through the Chapter 13 Plan.

**Part 9:    Signature(s):**

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X *[signature]*
Signature of Debtor 1

Executed on *[handwritten date]*
MM / DD / YYYY

1448 Sanders Road
Address Line 1

_____
Address Line 2

Sardis, MS 38666
City, State, and Zip Code

not provided
Telephone Number

X    /s/ Sarah A. Baker
Signature of Attorney for Debtor(s)

　　136 Public Square
　　Address Line 1

　　C.G. Baker Building, Suite One
　　Address Line 2

　　Batesville, MS 38606
　　City, State, and Zip Code

　　(662) 563-9385        105797
　　Telephone Number    MS Bar Number

　　sarah@cgbakerlaw.com
　　Email Address

X ·
Signature of Debtor 2

Executed on _____
MM / DD / YYYY

_____
Address Line 1

_____
Address Line 2

_____
City, State, and Zip Code

_____
Telephone Number

Date  12/2/2021
MM / DD / YYYY

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0537-1<br>Case 21-12297-JDW<br>Northern District of Mississippi<br>Aberdeen<br>Mon Dec 20 12:03:18 CST 2021 | Americas Car Mart (Colonial Auto Finance<br>PO Box 2580<br>Bentonville, AR 72712-7701 | Americas Car-Mart INC<br>1805 N 2nd ST STE 401<br>Rogers, AR 72756-2423 |
| CBC Collections<br>Attn: Bankruptcy<br>2016 Highway 75 Ste 6<br>Blountville, TN 37617-5856 | CenterPoint Energy, Inc<br>Attn: Bankruptcy<br>Po Box 4981<br>Houston, TX 77210-4981 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |
| Dick and Charlie Sanders<br>100 Clarice Drive<br>Holly Springs, MS 38635-7676 | Donnise Jackson<br>2286 Asa Road<br>Courtland, MS 38620-9382 | First Security Bank<br>295 Hwy 6 West<br>Batesville, MS 38606-2557 |
| Franklin Collection Service, Inc<br>P. O. Box 3910<br>Tupelo, MS 38803-3910 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| MS Department of Revenue<br>Bankruptcy Section<br>P.O. Box 22808<br>Jackson, MS 39225-2808 | Professional Credit Analysts of MN<br>24 N Front St<br>Po Box 99<br>New Ulm, MN 56073-0099 | Red River Employees FCU<br>Attn: Bankruptcy<br>Po Box 5909<br>Texarkana, TX 75505-5909 |
| Tannehill Carmean & Mc<br>829 N Lamar Blvd Ste 1<br>Oxford, MS 38655-2858 | U.S. Attorney's Office<br>Internal Revenue Service)<br>900 Jefferson Avenue<br>Oxford, MS 38655-3608 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase<br>Attn: Correspondence Dept/Bankruptcy<br>Po Box 15145<br>Wilmington, DE 19850 | Internal Revenue Service<br>Attn:  Special Procedures Staff<br>100 W. Capitol St.<br>Room 54<br>Jackson, MS 39269 | (d)Internal Revenue Service<br>Attn: Special Processing Staff<br>100 West Capitol Street<br>Room 504<br>Jackson MS 39269 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia PA 19101-7346 | End of Label Matrix<br>Mailable recipients    16<br>Bypassed recipients     1<br>Total                  17 | |