**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                         **CHAPTER 13 CASE NO.:**

**TERRY S. OSBORN**                                                  **21-12297-JDW**

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #2)**

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1.       The Debtor commenced this proceeding by filing a voluntary petition on December 2, 2021 (the "Petition Date").  The Debtor filed a proposed Chapter 13 Plan (Dkt. #2) (the "Plan") on the Petition Date.

2.       The Debtor is below median income, and the proposed term of the Plan is thirty-six (36) months. The Plan provides that the sum of $4,830.00 shall be distributed on a *pro-rata* basis to nonpriority unsecured creditors.  The liquidation value in Section 5.1 of the Plan is $4,830.00.

3.       The Plan fails to comply with 11 U.S.C. § 1325(a)(3).  It has not been proposed in good faith as Section 3.2 proposes to pay the claim of Dick and Charlie Sanders ("Sanders") in the amount of $10,000.00, which is secured by 3.5 acres of real property that is not homestead property and is not exempt (the "Real Property"). interest. The Real Property is not necessary for either an effective reorganization or the maintenance of the Debtor and/or the Debtor's household.  The Plan should be amended to either abandon the Real Property or pay an amount equal to the amount being paid for the Real Property to nonpriority unsecured creditors with timely-filed and allowed claims.

4.      The Debtor should timely remit all plan payments due under the Plan prior to the hearing, or the case should be dismissed for failure to comply with the proposed Plan.

5.      For the reasons set forth herein, the Trustee submits that confirmation of the Plan should be denied, and the case should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection.  The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: January 25, 2022.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:    /s/ Melanie T. Vardaman
       ATTORNEYS FOR TRUSTEE
       W. Jeffrey Collier (MSB 10645)
       Melanie T. Vardaman (MSB 100392)
       6360 I-55 North, Suite 140
       Jackson, MS 39211
       (601) 355-6661
       mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: January 25, 2022.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN

2